## 19536

(193 S. E. (2d) 523)

George W. O'SHIELDS, Jr., Appellant, v. Dora L. Nix O'SHIELDS, Respondent

*Messrs. Joseph W. Board,* of Pickens, *Charles J. Baker,* and *George R. F. Cornish, Jr.,* of *Cornish & Horlbeck,* Charleston, *for Appellant,*

December 12, 1972.

BRAILSFORD, Justice:

This action for divorce and child custody was referred to the Master for Charleston County, who recommended that the husband be awarded a divorce on the ground of desertion, that he be awarded custody of the couple's adopted daughter, then about four years of age, and that the wife be denied alimony. The wife excepted to the custody recommendation only.

Prior to leaving for Thailand in 1967 the husband, who was a career soldier, established a home for his wife and daughter in Charleston. When he returned in July, 1968,

she refused to resume cohabitation with him, and moved to an apartment at 37-B Flora Street, North Charleston.

This action was commenced in December, 1969. The last of three references was held September 11, 1970. The master's report was filed some nine months later on June 18, 1971. The master found that the apartment into which the wife had moved was the residence of one Archie Simpson; that other women resided there who were either divorced or in the process of getting divorced: that they and the wife "constantly had unattached males visiting them at the apartment at all hours," and that the environment there was detrimental to the best interest of the child. It was on the basis of these findings, from which the inference of immoral conduct was drawn, that the master recommended taking the little girl from her mother and vesting custody in her soldier father, actually in his sister and her husband who resided in Greenville and signified their willingness to take care of the child until the father should be discharged from the service at some indefinite time in the future.

The wife's exceptions to the master's report were heard by the Charleston County Court on August 16, 1971, and the decree of that court overturning the findings and recommendations of the master was filed December 21, 1971. The court found that the evidence was entirely insufficient to establish the husband's charges that his wife had been guilty of immoral conduct and was an unfit mother. We agree. There is no evidence that Archie Simpson resided at the Flora Street address at any time after the wife moved there. Instead, it shows that she occupied the apartment with two young women, one of whom had a small daughter, who contributed to the payment of rent. Although the husband employed a private detective to shadow his wife, he offered no testimony from which misconduct on her part at this apartment, or elsewhere, could fairly be inferred. We are convinced that on the basis of this record, now lamentably stale, the best interest of this child will be served by leaving her in the custody of her mother, who has been attentive to and

solicitous of the welfare of the child and, for most of her young life, has been the only parent she has known.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.